## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DAVID I. RUSSELL, JR.,

    Petitioner,

    v.

                         Civil Action No.:  BAH-21-2055

MARGARET CHIPPENDALE,

    Respondent.

## MEMORANDUM OPINION

    Self-represented Petitioner David I. Russell, Jr., filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he challenges the validity of his convictions and sentence in the Circuit Court for Worcester County, Maryland for possession of heroin and possession of heroin with the intent to distribute.  ECF 15-3, at 324.  The Petition is fully briefed. ECFs 1 (Petition), 12 (Russell's Supplement), 15 (Amended Answer), 18 (Response to Amended Answer).  Upon review of the submitted materials, the Court finds that no hearing is necessary. D. Md. Local R. 105.6 (2023); Rules 1(b) and 8(a), *Rules Governing Section 2254 Cases in the U.S. Dist. Cts*.  For the reasons set forth below, the Petition will be denied.

## I.    BACKGROUND

### A.  Conviction and Sentencing

    On March 2, 2020, a jury in the Circuit Court for Worcester County found Russell guilty of one count of possession of heroin and one count of possession with the intent to distribute

heroin.  ECF 15-3 at 324.  The following relevant facts, as described by the Appellate Court of Maryland,[1] were adduced at trial:

> On August 28, 2019, at approximately 4:51 p.m., Detective Shane Musgrave and Detective Zachary Converse of the Worcester County Sheriff's Office initiated a traffic stop of the vehicle that Russell was driving on Route 113 north of Berlin, Maryland.  The basis for the stop was Russell's use of his mobile telephone while driving.  Detective Musgrave observed Russell "sweating profusely" and saw that Russell's "hands were shaking."  He issued Russell a written warning for using his mobile telephone and asked Russell if he could search his vehicle.  Detective Musgrave "believed that there was criminal activity afoot based upon Mr. Russell's demeanor and the sweating profusely and . . . other indicators that [he] had noted.
>
> Detective Musgrave asked Russell if he could search Russell's vehicle, and Russell provided his consent.  During the search, Detective Musgrave and Detective Converse recovered a digital scale, a small screwdriver, a dollar bill, a torn dollar bill, a small wrench, an LG mobile phone, and a white iPhone.  The detectives also searched a portion of the dashboard console near the radio that appeared to have been altered.  The detectives searched behind a panel and Detective Converse removed a white cloth drawstring bag that contained coffee grounds and two small rectangular items wrapped in newspaper and secured with scotch tape.  Inside the newspaper, the detectives discovered ninety-nine small bags of heroin.  The small bags recovered from Russell's vehicle each had a "green-in-color alien head type of image on the side" and the words "alien rock" written in black ink. Russell was subsequently arrested and charged with possession of heroin and possession of heroin with intent to distribute.

ECF 15-1, at 133–34.  Additionally, multiple text messages were extracted from an LG phone in Russell's vehicle that referenced "alien rock."  *Id.* at 134–35.

Prior to trial, Russell filed a motion to exclude one of these text messages, which was denied by the trial court.  *Id.*  After the contested text message was introduced as evidence at trial and after Russell was convicted of possession of heroin and possession of heroin with intent to

---

[1] At the November 8, 2022, general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Appeals of Maryland to the Supreme Court of Maryland and the Court of Special Appeals was renamed the Appellate Court of Maryland.  The name change took effect on December 14, 2022.  This was a change in name only and does not affect the precedential value of the opinions of the two courts issued before the effective date of the name change.

distribute, Russell moved for a new trial on the basis of the erroneous admission of that contested text message. *Id.* at 135. His motion was denied on April 2, 2020. ECF 15-1, at 135. On May 13, 2020, Russell filed a pro se letter that was construed as a motion for new trial by the circuit court. *Id.* at 136. The letter related to Russell's claims that he received ineffective assistance of counsel in his trial, and the circuit court denied his motion. *Id.* On July 17, 2020, the court sentenced Russell to eight years imprisonment on count two, possession with intent to distribute, and merged count one, simple possession. ECF 15-4, at 47–48; ECF 15-1, at 257.

### B.  Direct Appeal

Russell filed a direct appeal to the Appellate Court of Maryland, in which he asserted three errors: (1) that the trial court erred in admitting into evidence a text message recovered from a cell phone found in his possession; (2) that his conviction is not supported by sufficient evidence; and (3) that the Circuit Court abused its discretion by denying his motion for a new trial. ECF 15-1, at 80, 132–48. On March 2, 2021, the Appellate Court affirmed the convictions and sentence in an unreported opinion. *Id.* at 132–148; *Russell v. State*, No. 523, 2021 WL 797249, at *7 (Md. App. Ct. Mar. 2, 2021). Russell subsequently filed a Petition for a Writ of Certiorari to the Supreme Court of Maryland. *Id.* at 149–57. On May 28, 2021, that Petition was denied. *Id.* at 191.

### C.  State Post-Conviction Proceedings

On July 27, 2021, Russell filed a self-represented State Petition for Post-Conviction Relief in the Circuit Court for Worcester County pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Proc. §§ 7-101 to 7-204. ECF 15-1, at 192–207. Russell later supplemented his Petition on August 24, 2022. ECF 15-1, at 252–55. On January 5, 2023, Russell, through appointed counsel, filed a Second Amended Petition for Post-Conviction Relief.

*Id.* at 256–65.  At the post-conviction hearing, held on January 23, 2023, Russell elected to only proceed on three claims asserted in his Second Amended Petition.  ECF 15-5, at 112–13.  These three claims were that trial counsel was ineffective for: (1) failing to request a continuance of the trial date upon entering his appearance shortly before trial commenced; (2) failing to use Worchester County chain of custody and evidence voucher forms at trial; and (3) failing to call certain witnesses to testify in Russell's defense.  ECF 15-5, at 112-113.  On February 9, 2023, the Circuit Court issued an opinion denying Russell's Petition.  ECF 15-1, at 346–59.  On May 24, 2023, the Appellate Court summarily denied Russell's Application for Leave to Appeal.  *Id.* at 392–93.

## II.    LEGAL STANDARDS

### A.  Petitions for a Writ of Habeas Corpus

A federal petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States.  28 U.S.C. § 2254(a) (2018).  The federal habeas statute sets forth a "highly deferential standard for evaluating state-court rulings," under which state court decisions are to "be given the benefit of the doubt."  *Bell v. Cone*, 543 U.S. 447, 455 (2005) (first quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); and then quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)).  A federal court may not grant a writ of habeas corpus unless the state court's adjudication on the merits: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).  A state court adjudication is contrary to clearly established federal law under § 2254(d) when the state court (1) "arrives at a conclusion opposite to that reached by [the

Supreme] Court on a question of law;" or (2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court's]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000) (citation omitted). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413 (O'Connor, J., concurring in part and concurring in the judgment).

However, "a federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Renico v. Lett*, 559 U.S 766, 773 (2010) (quoting *Williams*, 529 U.S. at 411). The state court's application of federal law must be "objectively unreasonable." *Id.* (quoting *Williams*, 529 U.S. at 409). Furthermore, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). The fact that "'[r]easonable minds reviewing the record might disagree' about the finding in question" is not enough to deem a state court's factual determination unreasonable. *Id.* (alteration in original) (quoting *Rice v. Collins*, 546 U.S. 333, 341 (2006)).

**B.  Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court held that to prevail on a claim of ineffective assistance of counsel, a petitioner must establish two prongs:  deficient performance and prejudice. *Id.* at 692. First, the petitioner must show that

counsel's performance was deficient in that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Deficiency exists when "counsel's representation fell below an objective standard of reasonableness" under "prevailing professional norms." *Id.* at 688; *see also Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (reviewing ineffective assistance of counsel claims pursuant to a petition for habeas corpus). "Judicial scrutiny of counsel's performance must be highly deferential" and apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*.

Second, the petitioner must show prejudice in that the deficient performance by counsel consisted of errors that "were so serious as to deprive the defendant of a fair trial" whose result was reliable. *Id.* at 687. To establish such prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is one "sufficient to undermine confidence in the outcome." *Id.* A petitioner is not entitled to post-conviction relief based on prejudice where the record establishes that it is "not reasonably likely that [the alleged error] would have made any difference in light of all the other evidence of guilt." *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010).

## III.   DISCUSSION

Russell has now filed a Petition for a Writ of Habeas Corpus in this Court in which he asserts claims of ineffective assistance of counsel based on the following actions or inactions by

his trial counsel: (1) failing to withdraw sooner; (2) failing to request a continuance of the trial date; (3) failing to object when the state's expert remained in the courtroom during testimony; (4) failing to question an expert's credentials; (5) failing to object to an expert's speculative opinion; (6) failing to introduce into evidence Worchester County's chain of custody and property voucher forms; and (7) failing to object to the receipt of discovery on the morning of trial. ECF 1, at 5–7.

In her Answer, Respondent contends that all of Russell's claims, except his first, second, and sixth, are procedurally defaulted because he withdrew those claims from consideration during the post-conviction hearing. ECF 15, at 57–58. Respondent argues that claims one, two and six lack merit and should be dismissed. *Id.* at 49–56. For the reasons explained below, the Court agrees, and the Petition for Habeas Corpus will be denied.

## A. Exhaustion and Procedural Default

Respondent argues that Russell's third, fourth, fifth, and seventh grounds for relief are procedurally defaulted because he did not exhaust state remedies as to these claims and no longer has the right to assert them in state court. ECF 15, at 23–28. The Court first addresses exhaustion, and then addresses Respondent's procedural default argument.

### 1. Exhaustion

A petitioner seeking habeas relief in federal court generally must first exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(c). For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. *Farmer v. Greene*, Civ. No. GLR-23-2552, 2023 WL 6878959, at *1 (D. Md. Oct. 18, 2023); *Hammock v. Bailey*, Civ. No. DLB-23-1717, 2023 WL 5018134, at *1 (D.

Md. Aug. 7, 2023).  To exhaust a claim on direct appeal, a defendant must assert the claim in an appeal to the Appellate Court of Maryland and then to the Maryland Supreme Court by way of a petition for a writ of certiorari.  *See* Md. Code Ann., Cts. & Jud. Proc. ("CJP") §§ 12-201, 12-301 (2021).  Here, the claims Russell raised on direct appeal and maintained through his final judgment are exhausted.

Maryland law provides an additional statutory avenue for appeal under the Maryland Post Conviction Procedure Act.  CP § 7-101 *et seq.*  To exhaust a claim through state post-conviction proceedings, a defendant must assert the claim in a petition for post-conviction relief filed in the Circuit Court in which the individual was convicted within 10 years of the date of sentencing.  *See* Md. Code Ann., Crim. Proc. ("CP") §§ 7-101 to 7-103.  After a decision on a post-conviction petition, further review is available through an application for leave to appeal, filed with the Appellate Court.  *Id.* § 7-109.  If the Appellate Court summarily denies the application, there is no further review available, and the claim is exhausted.  CJP § 12-202(1); *Mahai v. State*, 474 Md. 648 (2021) (upholding constitutionality of statute depriving Supreme Court of Maryland of jurisdiction to review a case where the Appellate Court of Maryland summarily denies an application for leave to appeal).

Russell asserted his third, fourth, fifth, and seventh grounds for relief in his pro se State post-conviction petition.  ECF 15-1, at 197–98.  At the outset of the post-conviction hearing, Russell's counsel advised the Circuit Court that he would only be proceeding on the issues that were included in the Second Amended Petition and confirmed this with Russell during his testimony.  ECF 15-5, at 6–7, 47–48.  At the conclusion of the hearing, the Circuit Court judge again confirmed with counsel and Russell the three issues that he desired for her to consider.  *Id.* at 112–13.  Further, Russell's pro se application for leave to appeal the denial of his Petition also

does not include the third, fourth, fifth, and seventh grounds for relief, further indicating that he indeed intended to abandon the pursuit of these claims in state court. ECFs 12-5, 12-6.

Because he abandoned the third, fourth, fifth, and seventh grounds for relief at the post-conviction hearing, Russell failed to exhaust available state remedies relating to these four claims. *See Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (declining to review a claim not raised in a petition for a writ of certiorari to the relevant state Supreme Court); *Williams v. Steiner*, 213 F. Supp. 600, 602 (D. Md. 1963) (finding that the petitioner failed to exhaust state remedies because he "did not raise the question in his post-conviction proceeding").

### 2. Procedural Default

When a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether by failing to raise the claim on direct appeal or in post-conviction proceedings, or by failing to note a timely appeal, the procedural default doctrine may apply. *See Coleman v. Thompson*, 501 U.S. 722, 749–50 (1991) (failure to note a timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489–91 (1986) (failure to raise a claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (per curiam) (failure to raise a claim during post-conviction proceedings). As relevant here, a procedural default occurs when a habeas petitioner fails to exhaust such available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (quoting *Coleman*, 501 U.S. at 735 n.1). Ultimately, procedural default constitutes an affirmative defense in habeas cases and "the burden rests with a state to prove the adequacy of the relied-on procedural bar." *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing *Yeatts v. Angelone*, 166 F.3d 255, 261 (4th Cir.1999)).

Here, the State met this burden by demonstrating that Maryland law does not permit Russell to file a second and successive state petition for post-conviction relief. *See* Md. Code Ann., Crim. Proc. § 7-103(a). Therefore, Russell's third, fourth, fifth, and seventh grounds for relief are procedurally defaulted.

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits; or (2) that the failure to consider the claim on the merits would result in a miscarriage of justice, specifically, the conviction of one who is actually innocent. *See Murray*, 477 U.S. at 495–96; *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Breard*, 134 F.3d at 620 (quoting *Murray*, 477 U.S. at 488). To demonstrate prejudice, the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see Murray*, 477 U.S. at 494. Under the second exception, a petitioner may obtain review of procedurally defaulted claims if the case "falls within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). Such cases are generally limited to those for which the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Neither exception to the procedural default doctrine applies here. Russell filed a Reply to the Respondent's Answer, ECF 18, but neglected to address the arguments related to procedural

default.  Where Russell has provided no basis for excusing his procedural default, his third, fourth,

fifth, and seventh grounds for relief are not properly before this Court and will be dismissed.

### B.  Failure to Request a Continuance

In his first and second grounds for relief, Russell argues that he was prejudiced because his

original trial counsel, Kristin Watkowski, withdrew from his case too late and his new counsel,

Patrick Gilbert and Nate Long, failed to request a continuance despite the alleged fact that they did

not have enough time to prepare for trial.  ECF 1, at 8.  Russell raised these claims in his State

Petition and the Circuit Court considered them together as a claim that his trial counsel was

ineffective for failing to request a continuance.  ECF 15-1, at 196–97, 262–63, 353–96.  Relying

on testimony from Russell's trial counsel at the post-conviction hearing, the Circuit Court

concluded that counsel's failure to request a continuance was not ineffective assistance.  *Id.* at

353–55.

Russell has failed to show that the Circuit Court's conclusion is an unreasonable

application of *Strickland* to the facts of his case.  His original trial counsel, Watkowski, testified

that she withdrew because Russell voiced displeasure with her services and lost faith in her advice.

ECF 15-5, at 89–90, 95.  Watkowski only withdrew after receiving permission from her supervisor

and consulting with Russell.  *Id.* at 91.  Watkowski testified that Russell was receptive to her

withdrawing from the case, and she would have continued to represent him if he had objected.  *Id.*

The Circuit Court accepted Watkowski's testimony and found that Russell failed to object when

she withdrew from his case.  ECF 15-1, at 353.  This type of credibility determination is a factual

issue that "shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  It is Russell's burden to

rebut this "presumption of correctness by clear and convincing evidence."  *Id.*  Russell has failed

to demonstrate that the Circuit Court's conclusion that he acceded to Watkowski's decision to

withdraw from his case is incorrect by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e).

Thus, Russell cannot show that Watkowski performed deficiently by withdrawing from his case.

Patrick Gilbert testified that he entered the case a week and a couple of days before trial.

ECF 15-5, at 12, 26.  The trial strategy was to argue that the weight of drugs found in Russell's

possession was not for distribution but for personal use.  *Id.* at 21, 25–26.  Gilbert testified that he

felt that he was prepared to try the case on March 2, 2020, and he would have requested a

continuance if he felt he was not ready.  *Id.* at 26–27.

Russell contends that Gilbert and Long were ineffective for failing to ask for a continuance

of the trial date.  However, Russell fails to demonstrate that his counsel were unprepared, identify

any act or omission by his counsel because they failed to prepare, or identify how the outcome of

his trial would have been different if his trial had been held at a later date.  Thus, Russell's claims

based on the failure to request a continuance of the trial will be denied.

### C.  Failure to Introduce Chain of Custody and Voucher Forms

Russell also argues that his trial counsel were ineffective by failing to introduce at trial the

Worcester County Sheriff Department's chain of custody and voucher forms.  ECF 1, at 7, 10.

Russell argues the forms are inconsistent, *id.*, and argued at the post-conviction hearing that the

drugs seized during the traffic stop would have been suppressed if his counsel had pressed the

issue.  ECF 15-5, at 61–62.  The Circuit Court dismissed Russell's claim of ineffective assistance,

concluding the forms at issue were accurate records and Russell suffered no prejudice from his

counsel's failure to utilize them at trial.  ECF 15-1, at 355.  This factual determination is presumed

correct.  *See* 28 U.S.C. § 2254(e)(1).

Detective Shane Musgrave of the Worcester Sheriff's Office testified at the post-

conviction hearing and explained the different forms that were used to log the items seized during

Russell's traffic stop.  ECF 15-5, at 98–111.  Detective Musgrave testified that if drugs are found and sent to the lab for testing, a separate form "MSP67A" is used.  *Id.* at 101.  Other items that are not contraband are logged in a chain of custody form and in a voucher.  *Id.* at 103.  The difference between the chain of custody form and the voucher is that the chain of custody form shows when property moves from one location to another, and the voucher describes the property.  *Id.* at 106.

Russell attached the Worchester County Sheriff Department's chain of custody and voucher forms to his Petition.  ECF 1-1, at 27–35.  Detective Musgrave's post-conviction testimony explains any misunderstanding Russell may have about the content of these forms.  As explained above, the Worchester County Sheriff's Department uses a separate form for tracking the chain of custody for evidence that is suspected of being drugs and other types of evidence.  The voucher forms are attached to the chain of custody forms to describe the evidence that is being tracked.  These forms separately track the chain of custody of the non-drug, ECF 1-1, at 27–29, and drug, ECF 1-1, at 30–32, evidence that was seized from Russell's vehicle.  Russell argues these forms indicate no drugs were taken from his vehicle, however, any perceived discrepancies between the chain of custody forms is explained by the fact that the two different forms are tracking the whereabouts of different pieces of evidence.  *See* ECF 1-1, at 30–32 (documenting 99 bags of heroin seized from Russell's vehicle).

Russell has failed to establish that the chain of custody and voucher forms contain any grounds to suppress the drugs seized during his traffic stop.  The Court finds that the Circuit Court's denial of Russell's ineffective assistance of counsel claim based on the failure to utilize the chain of custody and voucher forms at trial was not contrary to or an unreasonable application of federal law.

### D.  Certificate of Appealability

A petitioner may not appeal the dismissal or denial of a federal habeas petition without first receiving a certificate of appealability.  28 U.S.C. § 2253(c)(1).  The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When, as here, the Court has denied the petition on the merits, a petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Upon a review of the record, this Court finds that Russell has not made the requisite showing.  The Court therefore declines to issue a certificate of appealability.  Russell may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  Fed. R. App. P. 22.

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus will be DENIED.  The Court will decline to issue a certificate of appealability.  A separate Order shall issue.


December 20, 2023                             /s/
Date                                          Brendan A. Hurson
                                                United States District Judge